UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

GERSON DELGADO,

    Plaintiff,

vs.

ASSET ACCEPTANCE, LLC,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff, Gerson Delgado (hereinafter "Plaintiff"), brings this action seeking redress for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and its analogous state law, the Florida Consumer Collection Practices Act, Florida Stat. § 559.72 (the "FCCPA") against Defendant, Asset Acceptance, LLC (hereinafter "Defendant").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over the FDCPA claims pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 2201. Jurisdiction over the FCCPA claims is pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. Plaintiff is a natural person and a resident of Florida, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3). Plaintiff resides within this judicial district.

5. Defendant is a corporation organized under the laws of the state of Delaware. Defendant

1

maintains an address at 320 E. Big Beaver Rd., Ste. 300, Troy, MI 48083.

6. Defendant is a company that uses instrumentalities of interstate commerce and the mail in a business the principal purpose of which is the collection of debts.

7. Specifically, Defendant's only business revolves around the collection of debts.

8. In the course of its debt collection business, Defendant regularly conducts business within the state of Florida.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6) and the FCCPA.

10. Defendant is a "person" as used in the FCCPA. *See Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

## COUNT I
## COMMUNICATION WITH CONSUMER REPRESENTED BY COUNSEL
## FDCPA: 15 U.S.C. §1692c(a)(2)

11. Paragraphs 1-10 are re-alleged herein.

12. Section 1692c(a)(2) of the FDCPA provides, in relevant part: "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . ."

13. On or about February 21, 2013, Defendant filed an action in Miami-Dade County, Florida to collect an alleged consumer debt from Plaintiff.

14. Specifically, Defendant sought to collect an alleged consumer debt for monies purportedly due regarding a Bank of America credit card.

15. On or about March 9, 2017, Plaintiff's counsel filed a suggestion of bankruptcy in the aforementioned debt collection action.

16. On or about March 13, 2017, Defendant, through it's agent, sent a notice filed in the debt collection action directly to Plaintiff.

17. On or about May 9, 2017, Defendant sent a letter concerning the debt collection action directly to Plaintiff.

18. Both the March 13, 2017 notice and the May 9, 2017 letter, sent directly to Plaintiff, are communications and where sent in connection with the collection of a debt.

19. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and the FCCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

20. Plaintiff has suffered harm resulting from Defendants' violations of the FDCPA and the FCCPA, including without limitation, annoyance, time and attention devoted to communications which, but for Defendants violations of the FDCPA and the FCCPA, were to be sent to Plaintiff's counsel.

## COUNT II
## COMMUNICATION WITH CONSUMER REPRESENTED BY COUNSEL
## FCCPA: Florida Stat. § 559.72(18)

21. Paragraphs 1-9 are re-alleged.

22. The FCCPA provides, in relevant part:

    "In collecting consumer debts, no person shall:

    . . .

    (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication."

23. Defendant violated the FCCPA by engaging in such conduct as alleged more fully above,

including, communicating directly with Plaintiff after Defendant was aware that Plaintiff was represented by counsel.

24. Defendant could have taken the steps necessary to bring its actions within compliance with the FCCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

25. Plaintiff has suffered harm resulting from Defendants' violations of the FCCPA, including without limitation, annoyance, time and attention devoted to communications which, but for Defendants violations of the FCCPA, were to be sent to Plaintiff's counsel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

a) Awarding Plaintiff statutory damages under the FDCPA and FCCPA;

b) Awarding Plaintiff actual damages;

c) Awarding Plaintiff punitive damages under the FCCPA;

d) Awarding Plaintiff costs of this Action, and reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

/s/ *Christopher Legg*
Christopher W. Legg, Esq.
FL Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021

Chris@theconsumerlawyers.com
Telephone: (954) 962-2333